

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
**FILED**

JUL 2 1 1970

PATRICIA D. HOWARD
CLERK OF THE PANEL

THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE MULTIDISTRICT LITIGATION )
INVOLVING FROST PATENT         )          DOCKET NO. 46

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM, EDWARD WEINFELD*, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

This multidistrict litigation involves United States Patent No. 3,072,582, commonly referred to as the "Frost Patent". This patent describes a method for making polyether-urethane foam and is owned by the General Tire and Rubber Company (hereinafter "General"), the common party in each of the actions listed on the attached Schedule A.

On April 9, 1970 General filed a motion with the Panel to transfer three actions to the District of Delaware for coordinated or consolidated pretrial proceedings with five related actions pending in that court. The day before this

---

* Although he was not present at the hearing, Judge Weinfeld has, with the consent of all parties, participated in this decision.

motion was filed Judge Frederick van Pelt Bryan of the Southern District of New York granted General's motion in the *Jefferson case*,[1] separated the claims involving the Frost Patent and transferred those claims to the District of Delaware under 28 U.S.C. §1404(a).[2] Thus this litigation now encompasses eight actions in three districts, six in the District of Delaware, and one each in the Eastern District of Michigan and the Western District of Virginia.[3]

In its present posture the motion contemplated the transfer of only two cases, the *Wyandotte case* from the Eastern District of Michigan and the *Olin case* from the Western District of Virginia. Both actions were commenced on March 26, 1970 as were the *Diamond-Shamrock case*, the *Reichhold case*, and the *Upjohn case* which were filed in the District of Delaware. Of the two defendants in cases subject to the *transfer*, only Wyandotte had noted its opposition.

Wyandotte concedes that questions of fact relating to the *validity* of the Frost Patent are common to all actions but contends that questions of fact relating to infringement are unique to each defendant and would not benefit from coordinated

---

[1] *General Tire & Rubber Co. v. Jefferson Chemical Co., Inc.*, No. 68 Civ. 1227

[2] In ruling on defendants' motion for reargument Judge Bryan correctly pointed out that the motion to transfer under §1407 was neither inconsistent with not did it supercede General's motion under Section 1404(a) and the court properly rejected the defendants' claim that the mere *filing* of the motion under Section 1407 deprived it of jurisdiction to decide the pending 1404(a) motion.

[3] We do not understand any of the parties to urge transfer of the remainder of the *Jefferson case* to the District of Delaware since it involved a different patent, and we have not considered the possibility.

or consolidated pretrial proceedings. Wyandotte also seems to admit that its discovery program would include areas which have been the subject of prior discovery but infers that it could obtain the benefits of such discovery without the necessity of transfer under §1407. This suggestion presupposes that all other parties would be willing to make prior discovery available to Wyandotte and further that there will be little need for further discovery. Without inferring that such cooperation is either impossible or unlikely we believe that Section 1407 was intended to provide a procedure which would *insure* that repetitious and duplicative discovery is avoided by providing that all related actions be assigned to a single judge. *Cf. In re Gypsum Wallboard*, 303 F.Supp. 510 (JPML 1969).

Counsel for Wyandotte also urges that the District of Delaware is not a particularly convenient forum for either party since neither it nor General have any significant contact with Delaware and since their witnesses and records are located in Ohio and Michigan respectively. While we may not have selected the District of Delaware at the outset of this litigation, the advanced state of discovery in several actions pending there and Judge Wright's familiarity with this litigation compels the selection of the District of Delaware as the only practical transferee forum at this time.

The other parties opposing General's motion to transfer under Section 1407 - Isocyanate Products, Inc. and Murphy Body Works, Inc., (hereinafter I.P.I/Murphy), Jefferson Chemical Company Inc., (hereinafter Jefferson) and, to a lesser

extent, the Upjohn Company, (hereinafter Upjohn) are not subject to transfer for their actions are now pending in the District of Delaware but they object to the inclusion of their actions in coordinated or consolidated pretrial proceedings. I.P.I./Murphy and Jefferson urge that their actions will be delayed by becoming part of this multidistrict litigation and contend that both actions are nearly ready for trial. Upjohn does not object to consolidation and coordination of pretrial proceedings but urges that such proceedings be limited to matters pertaining to the validity and misuse of the Frost patent. They contend that questions relating to infringement should not be included in such proceedings because they involve individual facts unique to each defendant and of a sensitive nature due to the fact that the defendants are in direct competition with each other.[4]/ General denies both of these assertions claiming that discovery is not far advanced in either the I.P.I./Murphy case or the Jefferson case and that questions of infringement are in many respects common to all actions.

It is clear that discovery is not *complete* in any of these actions but substantially further along in the I.P.I./Murphy case and the Jefferson case than, for example in any of the actions commenced on March 26, 1970. We need not resolve the dispute as to whether those cases are nearly ready for trial or whether trial can be held in the Fall as predicted

---

4/ I.P.I./Murphy and Jefferson also suggest that there may be a conflict between them and other defendants with respect to (1) a claim of prior invention by a Kenneth B. Satterly and (2) possible infringement of the Heiss patent.

by the defendants nor do we need to resolve the question
of whether there are *any* common questions of fact as to
infringement which would benefit from coordinated or
consolidated pretrial proceedings. The transferee judge can
separate the actions filed in the District of Delaware and
set them for trial as soon as they are ready. He can also
decide whether and to what extent questions relating to
infringement should be covered during coordinated and consolidated
pretrial proceedings or whether they should be left for local
discovery following remand to the court of origin. *In re Butterfield Patent Litigation*, ____ F.Supp. ____ (JPML February 2, 1970).

In sum, there can be no doubt that this litigation
involves substantial and complex common questions of fact, at
least insofar as they concern the validity and misuse of the
Frost patent. We have no doubt that the transfer of all actions
to the District of Delaware and their assignment to Chief Judge
Wright will serve the convenience of parties and their witnesses
by enabling all parties to benefit from discovery which has
taken place and by avoiding repetitious and duplicative future
discovery. Finally, it can be hardly doubted that the just
and efficient conduct of all of these actions will be furthered
by assigning them all to a single judge and by permitting him
to exercise his broad discretion in determining the best
manner for conducting further proceedings.

IT IS THEREFORE ORDERED that the two actions pending in
other districts are hereby transferred to the District of
Delaware and, with the consent of that court, all related actions

are hereby assigned to the Honorable Caleb Wright for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407.

- 6 -

are hereby assigned to the Honorable Caleb Wright for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407.

DOCKET NO. 46                                              SCHEDULE A

### DISTRICT OF DELAWARE

| | |
|---|---|
| The General Tire & Rubber Company v. Reichhold Chemicals, Inc. | Civil Action No. 3867 |
| The General Tire & Rubber Company v. Diamond Shamrock Corporation | Civil Action No. 3868 |
| The General Tire & Rubber Company v. The Upjohn Company | Civil Action No. 3866 |
| The General Tire & Rubber Company v. Isocyanate Products, Inc. | Civil Action No. 3183 |
| Isocyanate Products, Inc. and Murphy Body Works, Inc. The General Tire & Rubber Company | Civil Action No. 3184 |
| The General Tire & Rubber Company v. Jefferson Chemical Company, Inc. | Civil Action (*) No. 3910 |

### EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| The General Tire & Rubber Company v. Wyandotte Chemicals Corporation | Civil Action No. 34666 |

### WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| The General Tire & Rubber Company v. Olin Corporation | Civil Action No. 70-C-29-A |

(*) Transferred from the Southern District of New York by Judge Frederick van Pelt Bryan on April 8, 1970.